UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60023-KMM

HERBS UNLIMITED, INC., d/b/a ROCK
GARDEN SOUTH,

    Plaintiff,

v.

S & K ENTERPRISES, INC., d/b/a
HARVEST FRESH FARM, KIMBERLY S.
HINKLE AND STANLEY G. HINKLE,

    Defendants.
_____/

## ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

THIS CAUSE came before the Court upon Plaintiff Herbs Unlimited, Inc. d/b/a Rock Garden South ("Herbs Unlimited") *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction (the "Plaintiff's *Ex Parte* Application") (ECF Nos. 5,7). UPON CONSIDERATION of the Application, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court grants Plaintiff's application for an *ex parte* temporary restraining order ("TRO").

**I.    BACKGROUND**

Herbs Unlimited, a wholesale supplier in interstate commerce of perishable agricultural commodities ("produce"), has filed this action against Defendants S & K Enterprises, Inc. d/b/a Harvest Fresh Farm, Kimberly S. Hinkle and Stanley G. Hinkle (collectively "Defendants"), seeking relief under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq.* and the PACA Regulations, 7 C.F.R. § 46.1 *et seq.* Herbs Unlimited asserts that Defendants

have not paid for $18,726.52 worth of produce sold and delivered by Herbs Unlimited.

Congress enacted PACA in 1930 to encourage fair trading practices in the marketing of produce. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 155 (11th Cir. 1990). Under PACA, the Secretary of Agriculture must license all merchants, dealers, and brokers of produce placed in interstate or international commerce. 7 U.S.C. § 499(c). In 1984, Congress amended PACA in response to a pervasive practice by which produce dealers granted lenders security interests in produce for which the dealers had not fully paid. *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 135 (3d Cir. 2000). The 1984 amendment established a statutory trust over any goods, receivables, or proceeds from perishable agricultural commodities until the buyer makes fully payment to the supplier. 7 U.S.C. § 499e(c).

Herbs Unlimited asserts that a statutory PACA trust arose in its favor upon its delivery of produce to Defendants. Further, Herbs Unlimited asserts that Defendants are experiencing financial difficulties and the PACA trust assets are being dissipated or are threatened with dissipation. Accordingly, Herbs Unlimited has moved for a TRO without notice to prevent Defendants from disposing of assets subject to the PACA trust.

**II.    DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate or irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required. Fed. R. Civ. P. 65(b).

In this case, it clearly appears from the Affidavit of Jonathan Rousell (Director of Sales for Herbs Unlimited) that Herbs Unlimited is a produce dealer and trust creditor of Defendants

3

under Section 5(c) of PACA, 7 U.S.C. § 499e(c), and has not been paid as required by PACA for $18,726.52 in produce supplied to Defendants.  It is also clear from Rousell's Affidavit and the Certification of Counsel that Defendants are in severe financial jeopardy and that PACA trust assets are being dissipated or threatened with dissipation.  According to Rousell's Affidavit, Defendants submitted four (4) checks in partial payment that were returned by the issuing bank for lack of sufficient funds.

In upholding the jurisdiction of district courts to entertain injunctive actions by private parties under PACA, the Eleventh Circuit recognized trust dissipation as a dispositive factor in determining whether to grant relief in such actions:

> Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets.  It should then require the PACA debtor to separate and maintain these produce-related assets as the PACA trust for the benefit of all unpaid sellers having a bona fide claim.

*Frio Ice*, 918 F.2d at 159.

As a result of Defendants' failure to keep and maintain the PACA trust, Herbs Unlimited will be unable to meet its own obligations to vendors and customers.  On the basis of the pleadings, Rousell's Affidavit and other submissions Herbs Unlimited has filed in this matter, it appears Herbs Unlimited will suffer immediate and irreparable injury due to Defendants' dissipation of Herbs Unlimited's beneficial interest in the statutory trust created in accordance with 7 U.S.C. § 499e(c) and that this dissipation will continue in the absence of injunctive relief. Therefore, the Court finds that a TRO should be issued.

If notice is given to Defendants during the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of PACA trust assets is all but impossible.

*See* H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 511; *see also Taylor Farms Florida, Inc. v. Gennaro's Produce, Inc.*, No. 07-60259 CIV, 2007 WL 646987, at *2 (S.D. Fla. Feb. 27, 2007). Entry of this Order without notice assures retention of the trust assets under the control of this Court which is statutorily vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(5). Additionally, Herbs Unlimited's counsel, pursuant to Rule 65(b)(2), has certified why notice should not be required.

### III. CONCLUSION

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Herbs Unlimited's *Ex Parte* Motion for a Temporary Restraining Order (ECF No. 7) is GRANTED. It is further ORDERED AND ADJUDGED that:

1. Defendant S & K Enterprises, Inc. and Individual Defendants Kimberly S. Hinkle and Stanley G. Hinkle, and their officers, agents, servants, employees, assigns, attorneys, and financial institutions are hereby restrained from dissipating, disbursing, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without Herbs Unlimited's agreement, or until further order of this Court.

2. Under § 499e(c)(2) of PACA, the assets subject to this Order include all of the assets of S & K Enterprises, Inc. unless S & K Enterprises, Inc. can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided however, S & K Enterprises, Inc. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without the right of set-off, on the condition that S & K Enterprises, Inc. maintains the proceeds of such sale subject to this Order.

3. This Order shall be binding upon the Parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

4. Herbs Unlimited shall not be required to post or give any security in view of the fact that Defendants now hold $18,726.52 of PACA trust assets which belong to Herbs Unlimited and that this Order merely requires said Defendants to obey the requirements set forth under the PACA.

5. Defendant S & K Enterprises, Inc. and Individual Defendants Kimberly S. Hinkle and Stanley G. Hinkle shall immediately serve this Order upon any and all financial institutions with which they have a relationship.

6. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned Cause is referred to United States Magistrate Judge Chris McAliley to take all necessary and proper action as required by law with respect to Plaintiff's Motion for a Preliminary Injunction (ECF No. 5).

7. This Temporary Restraining Order is entered this 12th day of January, 2016, and shall expire within TEN (10) DAYS from the date of its issuance, unless extended for good cause shown upon motion duly filed and served on all parties.  Herbs Unlimited is directed to immediately serve the Defendants, or their resident agent, or their counsel, with a copy of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of January, 2016.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:     All counsel of record